Delphine JONES and Carolyn A. Dingwall, Plaintiffs,

v.

NATIONAL INSTITUTES OF HEALTH POLICE DEPARTMENT, et al., Defendants.

No. Civ. 00–1773(RJL).

United States District Court, District of Columbia.

March 29, 2005.

Lucy R. Edwards, Lucy R. Edwards & Association, Washington, DC, for Plaintiffs.

Wyneva Johnson, U.S. Attorney's Office, William Burkett, Office of Corporation Counsel, D.C., Francis J. Nealon, Ballard Spahr Andrews & Ingersoll, LLP, Washington, DC, Musa L. Eubanks, Eubanks & Jones, LLP, Landover, MD, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court is a joint motion to dismiss filed by the defendants, National Institutes of Health Police Department ("NIHPD") and NIHPD Detective Scott

Noulett. Because the plaintiffs, Delphine Jones and Carolyn Dingwall, failed to file an opposition, the Court will treat the motion as conceded. LCvR 7(b). For the following reasons, the defendants' motion to dismiss is GRANTED.

## ANALYSIS[1]

### I. Plaintiffs' Claims Against Detective Scott Noulett

■ The defendants contend that the plaintiffs have not served Detective Noulett within the 120-days normally allowed, and therefore, the case must be dismissed as to him for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Def. Mot. to Dismiss at 4. It is axiomatic that the Court may find that service of process was insufficient where the plaintiff failed to effect service on each defendant in accordance with the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(5). Service of process may be effected by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...." FED. R. CIV. P. 4(e). The plaintiff carries the burden of establishing that she has properly effected service. *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987). Here, the plaintiffs have not satisfied their burden of establishing proper service on Detective Noulett. Accordingly, the Court grants Detective Noulett's motion to dismiss under 12(b)(5).

### II. Plaintiffs' Claims Against NIHPD

#### A. Civil Rights Violation

■ To state a claim under § 1983, a plaintiff must prove that the defendant:

(1) has "deprived him of a right secured by the Constitution and laws of the United States"; and (2) was acting "under color of . . . *State* [law]." *Rockefeller v. U.S. Court of Appeals Office,* 248 F.Supp.2d 17, 24 (D.D.C.2003) (citing *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). "Actions under color of federal law are not cognizable under 42 U.S.C. § 1983." *Saddler v. D'Ambrosio,* 759 F.Supp. 4, 8–9 (D.D.C.1990). Therefore, individuals who act in their official capacities as "federal government officials" are exempt from § 1983 liability. *Rockefeller,* 248 F.Supp.2d at 24.

■ The NIHPD is a federal entity authorized under 40 U.S.C. § 1315, which states:

On the request of the head of a Federal agency having charge or control of property owned or occupied by the Federal Government, the Secretary [of Homeland Security] may detail officers and agents designated under this section for the protection of the property and persons on the property [and] . . . [f]or the protection of property owned or occupied by the Federal Government and persons on the property, the Secretary may enter into agreements with Federal agencies and with State and local governments to obtain authority for officers and agents designated under this section to enforce Federal laws and State and local laws concurrently with other Federal law enforcement officers and with State and local law enforcement officers.

40 U.S.C. § 1315(d), (e). Detective Noulett, acting as an agent for the NIHPD pursuant to this federal authority, accompanied the D.C. Metropolitan Police Department ("MPD") to execute the arrest

---

1. For a more complete recitation of the relevant facts, see this Court's memorandum order dated September 28, 2002. *Jones v. District of Columbia,* No. 00–1773, slip op. at 2 (D.D.C. Sept. 28, 2002).

warrant for crimes committed against the National Institutes of Health. Def. Mot. to Dismiss at 9–10. Thus, the plaintiffs cannot state a claim under § 1983 because neither the NIHPD, nor Detective Noulett, were acting pursuant to state or local law. Accordingly, Count V against the NIHPD is dismissed for failure to state a claim under 42 U.S.C. § 1983.

## B. Constitutional Violations Claim

██ The defendants move to dismiss Count VI of plaintiffs complaint alleging violations of their constitutional rights under the Fourth Amendment.[2] It is fundamental that the United States must waive sovereign immunity for constitutional torts to be viable. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Absent a waiver of sovereign immunity, the Federal Government and its agencies are immune from suit. *Id.* at 475, 114 S.Ct. 996. Here, the United States has not waived sovereign immunity as to either itself or the NIHPD, which is a federal agency. Accordingly, the Court does not have subject matter jurisdiction to hear the plaintiffs' Fourth Amendment claims and the defendants' motion to dismiss Count VI for lack of subject matter jurisdiction is granted.

## CONCLUSION

For the reasons set forth above, it is this 28th day of March, 2005 hereby

**ORDERED** that Federal Defendants' Motion to Dismiss [# 54] is **GRANTED.**

**SO ORDERED.**

---

**2.** This Court previously issued an opinion, which dismissed the plaintiffs' constitutional claims under the Fifth and Fourteenth Amendments, holding that the "[p]laintiffs' claims for excessive force will ... be analyzed under the Fourth Amendment 'objective reasonableness test.' " *Jones,* slip op. at 7. Thus, the only remaining constitutional claim exists under the Fourth Amendment.